# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EDGAR CARO,<br><br>　　　　　　　　　　　Defendant. | Case No. 22-cr-00494-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 62)** |

　　　The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821.  Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history.  *Id.* § 4C1.1(a)(1)–(10).

　　　Based on this amendment, Defendant Edgar Caro now files a Motion for Reduction of Sentence.  (ECF No. 62).  The Court referred this case to Federal Defenders for an evaluation. (ECF No. 63.) Federal Defenders has now filed a status report concluding the

Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 65.)

At the time of sentencing, the Court calculated Defendant's original guideline range as 70–87 months (based on a base offense level of 27 and a criminal history category of I). It is true that Defendant would qualify under the new guideline amendments as a zero-point offender. Under these new guidelines, Defendant's guideline range is now 57–71 months.

However, at the original sentencing, the Court departed downward and imposed a sentence of 37 months. (ECF No. 58.) This 37-month sentence would still be below Defendant's guideline range even after the guideline amendments are applied. Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 57 months. Since the Court sentenced Defendant to a lower sentence of 37 months, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion to Reduce Sentence (ECF No. 62) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 22, 2024**

Hon. Cynthia Bashant
United States District Judge